UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK EXLER,

                        Plaintiff,

          -against-

TRAVEL EXPLORATION, INC.

                        Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/10/2020
```

19 Civ. 8853 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    I.    Background

On May 19, 2020, Plaintiff, Patrick Exler, moved by order to show cause for a default judgment under Federal Rule of Civil Procedure 55 and Local Civil Rule 55.2, ECF No. 26, in this action alleging that Defendant, Travel Exploration, Inc, used a photograph taken by him (the "Photograph") without his permission, in violation of the Copyright Act, ECF No. 1 ¶ 1. On December 2, 2019, the Clerk of Court entered a certificate of default. ECF No. 11. On May 21, 2020, the Court issued an order directing Defendant to show cause why a default judgment should not be entered against it. ECF No. 33.

On June 2, 2020, Plaintiff's counsel filed an affidavit attesting that the following documents were served on Defendant by United States Priority Mail, at Defendant's address on file with the New York Secretary of State:

1. order to show cause;
2. declaration of Plaintiff's counsel, Richard Liebowitz, with attached exhibits including ECF No. 27;
3. declaration of Plaintiff, with attachments, ECF No. 34;
4. statement of damages, ECF No. 29;
5. Plaintiff's proposed default judgment, ECF No. 30; and a
6. copy of the docket in this action.

ECF No. 35.

    II.    Liability

Defendant defaulted by failing to answer the complaint, otherwise defend this action, or respond to the Court's order to show cause. Fed. R. Civ. P. 55(a).

To prevail on his claim for a violation of the Copyright Act, Plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). In his declaration, Plaintiff states that he took the Photograph, and registered it with the Copyright Office.

Pl. Decl. ¶ 3, ECF No. 34; Certificate of Registration, ECF No. 34-2; *see Small Bus. Bodyguard Inc. v. House of Moxie, Inc.*, 230 F. Supp. 3d 290, 303 (S.D.N.Y. 2017) ("A certificate of registration is *prima facie* evidence that a copyright is valid."). Plaintiff has also submitted proof that the Photograph was used on Defendant's website. ECF No. 1-2. Accordingly, Plaintiff is entitled to judgment on his infringement claim.

   III.   Damages

Plaintiff seeks $3,000 in damages, plus $2,550 in attorney's fees, and $440 in costs. Liebowitz Decl. ¶¶ 12, 16, ECF No. 27. Upon proving infringement, "[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Plaintiff has submitted evidence that he would have been able to charge a licensing fee of $1,500 for the Photograph. Pl. Decl. ¶¶ 4–6.

Plaintiff further argues that the Court should assume that Defendant earned at least $1,500 from its infringement. Liebowitz Decl. ¶ 13; Statement of Damages ¶ 4, ECF No. 29. But Plaintiff has submitted no evidence of Defendant's profits. The Copyright Act expressly provides the method by which courts should determine profits in an infringement action. "In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). Plaintiff has not presented any proof of Defendant's revenue, much less revenue related to the Photograph. Accordingly, the Court concludes that Plaintiff is entitled to only $1,500 in actual damages.

   IV.   Fees and Costs

Plaintiff seeks $2,550 in attorney's fees based on 6 hours of work performed by Plaintiff's counsel, Richard Liebowitz, at an hourly rate of $425. Liebowitz Decl. ¶¶ 16–18. The Copyright Act permits the award of reasonable fees and costs to a prevailing party. 17 U.S.C. § 505. "In order to assess the reasonableness of the proposed award, the Court must determine the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 201 (S.D.N.Y. 2016) (internal quotation marks and citation omitted).

The hours expended by Liebowitz on this action appear to be reasonable. The Court concludes that $425 is not a reasonable hourly rate, however, in light of counsel's experience and performance in this litigation. This action involved a single, simple infringement claim, requiring no particular expertise. Nonetheless, in seeking default judgment, Liebowitz repeatedly failed to follow the Court's rules, and ignored an express order of the Court directing him to obey those rules. *See* ECF Nos. 20, 25. And though he states that he is the "founding member and managing partner" of his law firm, and has "personally filed over a thousand copyright infringement lawsuits," Liebowitz Decl. ¶ 17, the Court must take into account the outcome of those lawsuits. Liebowitz "has become one of the most frequently sanctioned lawyers, if not *the* most frequently sanctioned lawyer, in the [d]istrict" arising out of "misconduct, which includes repeated violations of court orders and outright dishonesty, sometimes under oath," and "in scores of cases, he has been repeatedly chastised, warned, ordered to complete ethics courses, fined, and even referred to

the Grievance Committee." *Usherson v. Bandshell Artist Mgmt.*, No. 19 Civ. 6368, 2020 WL 3483661, at *1 (S.D.N.Y. June 26, 2020), *appeal filed*, No. 20-2304 (2d Cir. July 20, 2020) (collecting cases). Like a number of other courts in this district, therefore, the Court will set Liebowitz's rate at $350 per hour for purposes of the lodestar calculation. *See Sadowski v. Render Media Inc.*, No. 17 Civ. 9045, 2020 WL 1178629, at *6 (S.D.N.Y. Mar. 10, 2020) (collecting cases). Accordingly, Plaintiff is entitled to attorney's fees of $2,100.

Finally, Plaintiff seeks $440 in costs based on this action's $400 filing fee, and a $40 "[p]ersonal service fee." Liebowitz Decl. ¶ 18. "Courts in this district repeatedly have refused to award costs absent supporting documentation," though the Court "may also take judicial notice of [the] $400 filing fee required in this district" *Ekukpe v. Santiago*, No. 16 Civ. 5412, 2020 WL 1529259, at *6 (S.D.N.Y. Mar. 31, 2020) (internal quotation marks and citations omitted). Plaintiff has submitted no documentation of the $40 personal service fee. Accordingly, Plaintiff is entitled only to $400 in costs.

V.   Conclusion

Accordingly, Plaintiff's motion for default judgment is GRANTED. Plaintiff is awarded $1,500 in damages, $2,100 in attorney's fees, and $400 in costs, for a total award of $4,000.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: November 10, 2020
       New York, New York

                                                    ANALISA TORRES
                                                United States District Judge